D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH KIRSCHENBAUM LLP
233 Broadway, 5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MOHAMMED ISLAM, ROBERT D'ROZARIO, and MD JAMAL, on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

QUINN RESTAURANT CORP. d/b/a THE WATERS EDGE RESTAURANT, SINGH HOSPITALITY GROUP, INC., HARENDRA SINGH, and HALIM BANCHETTRA,

    Defendants.

------------------------------------------------------------x

INDEX NO.

COMPLAINT

FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

1. Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Defendant Quinn Restaurant Corporation d/b/a Water's Edge Restaurant is a New York corporation. Defendant operates Water's Edge Restaurant located in Long Island City.

5. Defendant Singh Hospitality Group, Inc. is a restaurant conglomerate that owns the Water's Edge Restaurant.

6. Upon information and belief, Defendants Quinn Restaurant Corporation and Singh Hospitality Group, Inc. have annual gross volume of sales in excess of $500,000.

7. Defendant Harendra Singh is an owner of Quinn Restaurant Corp.

8. Defendant Harendra Singh exercises sufficient control over Water's Edge Restaurant's day to day operations to be considered Plaintiffs' employer under the FLSA and New York law.

9. Defendant Harendra Singh is regularly present at Water's Edge Restaurant to manage the restaurant's financials, greet customers and discipline employees.

10. Upon information and belief, Defendant Harendra Singh created the policies at the restaurant that are the subject of this lawsuit.

11. Defendant Harendra Singh has and exercises authority to hire and fire employees.

12. Defendant Halim Banchettra is the Floor Manager of Water's Edge Restaurant.

13. Plaintiff Mohammed Islam was employed by Defendants at Water's Edge Restaurant as a server between approximately 1998 to March 21, 2014.

14. Plaintiff Robert D'Rozario was employed by Defendants at Water's Edge Restaurant as a server between approximately 1996 to March 21, 2014.

15. Plaintiff Md Jamal was employed by Defendants at Water's Edge Restaurant as a busser between approximately 2011 to March 21, 2014.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees employed by Defendant at any New York location on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19. Plaintiffs bring the state law Claims for Relief (Third, Fourth, Fifth, Sixth and Seventh Claims for Relief) pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees employed by Defendant at any New York location on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

20. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under said F.R.C.P. 23.

21. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

22. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts

as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not

parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendant employed Plaintiffs and the Class members within the meaning of the New York law.

    b) At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay Plaintiffs and the Class members for their work.

    c) What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay the Plaintiffs and the Class members at all.

    d) Whether Defendant paid Plaintiffs and the Class members the federal and state minimum wage for all hours worked.

    e) Whether Defendant properly compensated Plaintiffs and Class members

for overtime.

f) Whether Defendant paid employees New York's "spread of hours" premium when their workdays exceeded 10 hours.

g) Whether Defendants gave Plaintiffs proper statements as required by New York Labor Law § 195.

### FACTS

27. Plaintiffs' consent to sue form is attached hereto as Exhibit A.

28. Defendants committed the following alleged acts knowingly, intentionally and willfully.

29. Plaintiffs were not paid the Federal minimum wage throughout their employment with Defendants.

30. Plaintiff Mohammed Islam often worked in excess of forty hours per workweek.

31. Plaintiff Robert D'Rozario often worked in excess of forty hours per workweek.

32. Plaintiff Md Jamal often worked in excess of forty hours per workweek.

33. Defendant unlawfully failed to pay Plaintiffs one-and-one-half times New York State and federal minimum wage for hours that they worked in excess of 40 per workweek.

34. Plaintiffs' and the Class Members' workdays often lasted longer than 10 hours.

35. Defendant did not pay Plaintiffs and other Class Members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

36. Defendants did not provide Plaintiffs with the wage notices required by N.Y. Lab. Law § 195. For example, Defendants did not provide Plaintiffs with wage notices, and/or pay stubs that included Plaintiffs' overtime rates.

37. Defendants took deducted portions of Plaintiffs' wages for meals they allegedly provided the employees. Defendants would apply these "meal" deductions even if when on occasions that they did not provide Plaintiffs with a meal.

38. Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

39. On or around March 21, 2014, Plaintiffs brought to Floor Manager Halim Banchettra's attention that their paychecks were late again. Mr. Banchettra directed Plaintiffs to speak with the General Manager, Paul (last name unkown).

40. That same day, Defendants retaliated against Plaintiffs by terminating their employment in response for complaining that they were not being paid on time.

<div style="text-align:center">

**FIRST CLAIM FOR RELIEF**
(FLSA Claims, 29 U.S.C. § 201, *et seq.*,
Brought by Plaintiffs on Behalf of
Themselves and the FLSA Collective Plaintiffs)

</div>

41. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

42. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

43. Throughout the statute of limitations period covered by these claims, Defendant knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

44. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as

provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*  
Brought by Plaintiffs on Behalf of Themselves  
and the FLSA Collective Plaintiffs)**

45. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

46. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek and continue to do so.

47. At all relevant times, Defendant operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at one-and-one-half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

48. At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rates, one-and-one-half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

49. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

9

## THIRD CLAIM FOR RELIEF
### (New York State Minimum Wage Act, New York Labor Law § 650 *et seq.* Brought by Plaintiffs on Behalf of Themselves and the Class)

50. Plaintiffs, on behalf of themselves and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

51. Defendant knowingly paid the Plaintiffs and members of the Class less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

52. Defendant did not pay Plaintiffs and members of the Class minimum wage for all hours worked.

53. Defendant's failure to pay Plaintiffs and members the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

54. As a result of Defendant's willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
### (New York Overtime Violations)
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 137-1.3 (2010), 146-1.4 (2011))
### (Brought by Plaintiffs on Behalf of Themselves and the Class)

55. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

56. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

57. Throughout the Class Period, Defendant willfully, regularly and repeatedly failed to pay Plaintiffs and the Class at the required overtime rates, one-and-one-half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

58. As a result of Defendant's willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
(New York Spread of Hours Provisions,
N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. &
Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 2011)
(Brought by Plaintiffs on Behalf of
Themselves and the Class)

59. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

60. Plaintiff and the Class members regularly had workdays that lasted more than ten (10) hours.

61. Defendant willfully and intentionally failed to compensate Plaintiffs and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

62. As a result of Defendant's willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## SIXTH CLAIM FOR RELIEF
(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)
(Brought by Plaintiffs on Behalf of Themselves and the Class)

63. Plaintiffs, on behalf of himself and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

64. Defendants did not provide Plaintiffs and the members of the Class with the notices required by N.Y. Lab. Law § 195.

65. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**SEVENTH CLAIM FOR RELIEF**
**(New York Deductions for Wages N.Y. Lab. Law § 193,**
**N.Y. Comp. Code R. & Regs. Tit. 12 § 146-1.9)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

66. Plaintiffs incorporate and reallege each preceding paragraph as though set forth in full herein.

67. Defendants willingly and intentionally illegally required Plaintiffs to pay for meals that Defendants did not provide Plaintiffs with, in violation of N.Y. Lab. Law § 193, N.Y. Comp. Code R. & Regs. Tit. 12 § 146-1.9.

68. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**EIGHTH CLAIM FOR RELIEF**
**(FLSA- Retaliation- 29 USC § 215)**
**(Brought by Plaintiffs on Behalf of Themselves)**

69. Plaintiffs incorporate and reallege each preceding paragraph as though set forth in full herein.

70. Defendants willfully and unlawfully retaliated against Plaintiffs for their execution of protected activities, namely their complaint of illegal wage deductions.

71. In retaliating against Plaintiffs, Defendants knowingly acted in deliberate disregard of Plaintiffs rights.

72. Defendants' conduct violated the FLSA § 215.

73. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiffs have suffered, and continue to suffer, monetary damages including, but not limited to, a loss of income, including past salary, future salary, and company-sponsored benefits.

74. As a direct and proximate consequence of the Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiffs have suffered, and continue to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

<div style="text-align: center;">

**NINTH CLAIM FOR RELIEF**
**(New York State Labor Law- Retaliation- New York Labor Law § 215 *et seq)*
(Brought by Plaintiffs on Behalf of Themselves)**

</div>

75. Plaintiffs incorporate and reallege each preceding paragraph as though set forth in full herein.

76. Defendants willfully and unlawfully retaliated against Plaintiffs for their execution of protected activities, namely their complaint of illegal wage deductions.

77. In retaliating against Plaintiffs, Defendants knowingly acted in deliberate disregard of Plaintiffs rights.

78. Defendants' conduct violated the New York Labor Law § 215.

79. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiffs have suffered, and continue to

suffer, monetary damages including, but not limited to, a loss of income, including past salary, future salary, and company-sponsored benefits.

80. As a direct and proximate consequence of the Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiffs have suffered, and continue to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

    A.    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    B.    Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

    C.    Designation of this action as a class action pursuant to F.R.C.P. 23.

    D.    Designation of Plaintiffs as Representatives of the Class.

    E.    An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

    F.    Penalties available under applicable laws;

    G.    Costs of action incurred herein, including expert fees;

H.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I.  Pre-Judgment and post-judgment interest, as provided by law; and

J.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
November 20, 2014

Respectfully submitted,

**Joseph & Kirschenbaum LLP**

By: s/D. Maimon Kirschenbaum/
D. Maimon Kirschenbaum
Josef Nussbaum
233 Broadway, 5th Floor
New York, NY 10279
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

# EXHIBIT A


## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **Water's Edge Restaurant & Catering** and/or related individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

MOHAMMED MONIRUL ISLAM
Full Legal Name (Print)

*M. Islam*
Signature

11.10.14
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **Water's Edge Restaurant & Catering** and/or related individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

ROBERT D'ROZARIO
Full Legal Name (Print)

*/s/ Robert J. D'Rozario*
Signature

11/10/2014
Date

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **Water's Edge Restaurant & Catering** and/or related individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.


MD ISRAT JAMAL
Full Legal Name (Print)

*md. Jamal.*
Signature

11/10/2014
Date