# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone 212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| | www.jk-llp.com |

**VIA ECF**

August 4, 2015

Hon. James Orenstein U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:**   *Islam et al. v. Quinn Restaurant Corp. d/b/a The Water's Edge
> Restaurant et al.,* **14 Civ. 06818 (ENV) (JO)**

Dear Judge Orenstein:

We represent Plaintiffs in the above-referenced action.  We write to respectfully request that the Court compel Defendants to respond to discovery and produce a Fed. R. Civ. P. 30(b)(6) witness relating to Defendant Singh Hospitality Group's ("SHG") employment policies. Pursuant to Local Rule 37.3, earlier today the Parties conferred telephonically and were unable to resolve the dispute.

In their Complaint, Plaintiffs allege wage and hour violations and indicate that they intend to seek to certify a Fair Labor Standards Act collective action as well as a New York Labor Law class action on behalf of "service employees employed by Defendants at *any New York location.*" (*See Complaint* ¶¶ 16, 19) (emphasis added).  Throughout the Complaint, Plaintiffs allege that the policies they were subjected to were substantially similar to the payroll policies and procedures that other members of the putative collective/class were subjected to. (*See, e.g., Id.* ¶¶ 17, 22, 38.)   One the Defendants, the Singh Hospitality Group ("SHG"), is a restaurant conglomerate that owns the Water's Edge Restaurant where Plaintiffs worked, as well as several other restaurant/hospitality venues in New York State.

In July 2015, Plaintiffs deposed a Fed. R. Civ. P. witness who testified on behalf of Defendant Quinn Restaurant Corp. d/b/a The Water's Edge Restaurant ("Water's Edge"). This witness has been employed at a number of SHG's venues and, consistent with Plaintiffs' allegations, testified that there was a common policy at the venues owned and operated by SHG. Following the deposition, Plaintiffs issued interrogatories and a notice of FRCP 30(b)(6) deposition which both seeks the disclosure of limited and basic information related to SHG's payroll practices. (A copy of the deposition notice is attached hereto as "Exhibit A.")  Earlier

1

today, Defendants advised Plaintiffs that they intend to object to responding to interrogatories relating to and/or to producing a witness prepared to testify concerning SHG's business-wide employment practices given that the Plaintiffs only alleged that they worked for Water's Edge.

Plaintiffs are entitled to pre-certification discovery relating to payroll practices at all venues owned and/or operated by SHG since (a) Plaintiffs clearly allege company-wide allegations in the Complaint; (b) Defendant Water's Edge's own Fed. R. Civ. P. 30(b)(6) witness testified that payroll at locations operated by SHG was managed and processed by one office for all locations; (c) the witness testified that the payroll structure was the same at all locations (with the exception that the payroll cycles may start and end on a different day of the week at different locations); and (d) Defendant produced a copy of the Employee Handbook which was issued to all food service employees at all SHG locations, including Plaintiffs, and which plainly evidences a common timekeeping practice at all locations SHG owns and operates. (A copy of the relevant portions of the handbook are attached hereto as "Exhibit B.")

FRCP 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A matter is relevant if it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978). Where, as here, Plaintiffs allege that there was a common policy implemented at all SHG's locations, Plaintiffs should be entitled to discovery relating to those common claims in order to establish there was a classable/common policy. *See, e.g., Rahman v. Smith & Wollensky Rest. Group, Inc*., 06 Civ. 6198, 2007 U.S. Dist. LEXIS 37642, 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007) ("When, as here, a party seeks to certify a class under Rule 23, pre-certification discovery 'is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate'"); *Sirota v. Solitron Devices, Inc*., 673 F.2d 566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied").

Moreover, the arguments underlying Defendants' objection to the discovery Plaintiffs seek, namely, that any putative collective/class must be confined to the location Plaintiffs worked, as opposed to all locations wherein Defendants employed their payroll policies, has been roundly rejected by Courts in this Circuit. Rather, "[i]n this Circuit, courts have regularly found named plaintiffs to be similarly situated to employees *at locations where they did not work*, provided that the plaintiffs demonstrate that they were all subject to the same allegedly unlawful policy or practice." *Hamadou v. Hess Corp*., 915 F. Supp. 2d 651, 662-664 (S.D.N.Y. 2013) (emphasis added); *see also, e.g., Capsolas v. Pasta Res., Inc*., No. 10 Civ. 5595 (RJH), 2011 U.S. Dist. LEXIS 49926, 2011 WL 1770827 (S.D.N.Y. May 9, 2011) (certifying a collective of eight restaurants even though plaintiffs only worked at five locations where, as here, the "facts support[ed] a reasonable inference that there was a uniform policy across the eight restaurants, all of which share common ownership, are supervised by the same individuals, and are administered by the same company"); *Rosario v. Valentine Ave. Disc. Store, Co., Inc*., 828 F. Supp. 2d 508, 516-17 (E.D.N.Y. 2011) (certifying a collective across twenty-seven stores, even though plaintiffs worked at eight stores, since the stores were under the same ownership and management); *Chhab v. Darden Rests., Inc.*, 11 Civ. 8345 (NRB), 2013 U.S. Dist. LEXIS 135926, *46, 2013 WL 5308004 (S.D.N.Y. Sept. 19, 2013) (certifying a collective of forty-five

2

restaurants where plaintiffs worked at only eleven locations).  Accordingly, the mere fact that Plaintiffs may have not worked at all of Defendant SHG's commonly owned locations is in no way a bar to the Court eventually certifying a collective and/or class including individuals from SHG locations at which Plaintiffs did not work.

Stated simply, Plaintiffs raised allegations of a common violation against readily ascertainable Defendants and should be afforded a fair opportunity to establish the full scope of those allegations.  This is especially true in light of the fact that that Defendants' own Fed. R. Civ. P. 30(b)(6) witness confirmed the common payroll practices and violations across SHG's other locations, and that Courts routinely certify collectives that include locations that named plaintiffs may have not worked where there is evidence of a common policy.  Accordingly, Plaintiffs respectfully request that the Court Order Defendants to comply with Plaintiffs' discovery requests and deposition notices relating to all SHG venues.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**


 s/ Josef Nussbaum/
Josef Nussbaum



cc: All Counsel (via ECF)